UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CR-109-TAV-JEM-1 |
| | ) | |
| JOHNNY COLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's counseled motion for compassionate release [Doc. 117]. The government has responded in opposition [Doc. 118]. This matter is now ripe for the Court's review. For the reasons set forth more fully below, defendant's motion [Doc. 117] is **DENIED**.

## I.     Background

On August 24, 2020, defendant pleaded guilty to conspiracy to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) [Docs. 42, 47]. On January 19, 2021, defendant was sentenced by Judge R. Leon Jordan to 84 months' imprisonment, to be followed by 4 years' supervised release [Doc. 75]. Defendant now seeks compassionate release, based on his susceptibility to COVID-19 [Doc. 117].

## II.     Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v.*

*Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons ("BOP"). Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.* Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 117].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

2

At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted).

In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

III.    Analysis

Defendant seeks compassionate release on the ground that his age and medical conditions place him at a high risk of becoming seriously ill if he contracts COVID-19 while incarcerated [Doc. 117]. Defendant specifically notes that he is 70 years old, and has the following medical conditions: (1) ongoing back issues requiring two surgeries; (2) diabetes (including neuropathy in his feet); (3) hypertension; (4) hyperlipidemia; (5) history of surgery on one of his lungs to remove an abscess; (6) family history of cancer; and (7) obesity [*Id.* at 2]. Defendant acknowledges that he has received the COVID-19 vaccine but expresses concern about the efficacy of the vaccine with the continued mutations of the virus [*Id.* at 3, 5–7]. Defendant also acknowledges the Sixth Circuit's

holding in *United States v. Lemons*, 15 F.4th 747 (2021), regarding the availability of the COVID-19 vaccine reducing the risks associated with COVID-19 but argues that his case is distinguishable from *Lemons* for a variety of reasons [*Id.* at 8–10].

The government responds in opposition, arguing that defendant has not established extraordinary and compelling reasons for release [Doc. 118]. The government notes that the Sixth Circuit has held that incarceration during the COVID-19 pandemic is not an extraordinary and compelling reason for a sentence reduction when a defendant has access to the COVID-19 vaccine [*Id.* at 3 (citing *Lemons*, 15 F.4th at 751 and *United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021))]. The government also notes that the Sixth Circuit has reversed a grant of compassionate release where the defendant has access to the COVID-19 vaccine [*Id.* (citing *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021))]. The government states that defendant has been fully vaccinated since May 2021 and has received booster shots in November 2021 and July 2022 [*Id.* at 4].

## A.     Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct.

4

13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

Here, the government appears to concede that defendant has properly exhausted his request for compassionate release [Doc. 118, p. 2].  Accordingly, the Court will address the merits of defendant's motion.

## B.      Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13."  *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).  This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf.  *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023).  It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines.  *See United States v. Nash*, No. 23-3635, 2024

5

WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines.  This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A).")  However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release."  *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances.  U.S.S.G. § 1B1.13(b)(1)–(5).

The policy statement provides four situations when a defendant's medical condition may constitute an extraordinary and compelling reason for release, including, as is relevant here:

(D)     The defendant presents the following circumstances—

(i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak or infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii)    such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).

Defendant points to his risk of severe illness if he contracts COVID-19 as the extraordinary and compelling grounds for his request for compassionate release [Doc. 117]. Defendant contends that his age and physical health conditions, including diabetes, hypertension, and obesity, heighten his risk of severe illness from COVID-19 [*Id.*].

Under the final subsection of § 1B1.13(b)(1), defendant's health issues may be extraordinary and compelling grounds for release when combined with the increased risk of contracting, or becoming severely ill from, COVID-19. But defendant has not adequately established all three requirements of § 1B1.13(b)(1)(D). Of the conditions defendant lists, the Center for Disease Control ("CDC") has recognized both diabetes and obesity as conditions that "can make you more likely to get very sick from COVID-19," and the CDC notes that hypertension may "possibly" fall into this category as well. "People with Certain Medical Conditions," COVID, 19, cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed May 21, 2024). Medical records provided by the government confirm defendant's diagnoses of obesity and

7

essential (primary) hypertension [Doc. 117-2, pp. 1, 58].  These medical conditions could increase his risk of suffering severe medical complications or death from COVID-19.

However, defendant has not shown that any risk of severe medical complications or death cannot be adequately mitigated in a timely manner.  The Court notes that the Sixth Circuit has previously held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).  In so holding, the Sixth Circuit recognized that "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *Id.*  Defendant's medical records indicate that he received at least three doses of the COVID-19 vaccine [Doc. 117- 2, p. 189]. Given his access to the COVID-19 vaccine, the Court cannot find that defendant's risks associated with contracting COVID-19 cannot be adequately mitigated in a timely manner.

## VII.  Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 117] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE